# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GERRY GRIGGS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3545 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Gerry Griggs, *pro se*, filed this lawsuit in state court against Defendant JPMorgan Chase Bank, N.A., seeking to avoid foreclosure on real property in Houston, Texas, and to recover monetary damages. Defendant removed the case to federal court on November 8, 2006, and Plaintiff filed a Motion to Remand [Doc. # 6]. Defendant filed its Response [Doc. # 8], and Plaintiff filed a Request for Oral Hearing [Doc. # 9]. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** Plaintiff's Motion to Remand. Because the issues are straightforward, the Court **denies** Plaintiff's Request for Oral Argument.

Plaintiff bases his Motion to Remand primarily on an Amended and Supplemental Petition ("Amended Petition") which he claims to have filed in state court

prior to Defendant's Notice of Removal.[1] The Amended Petition, attached as an Exhibit A to Plaintiff's Motion to Remand, bears a file stamp dated September 25, 2006. Indeed, the file stamp reflects that the Amended Petition was stamped at 8:45 a.m. on September 25, 2006, only nineteen (19) minutes after the Original Petition was file-stamped at 8:26 a.m. *See* Original Petition, Exh. 2 to Notice of Removal [Doc. # 1]; Amended Petition, Exh. A to Motion to Remand.

In its Response, Defendant asserts that the Amended Petition was not filed on September 25, 2006 and, moreover, had not been filed by the date the Notice of Removal was filed. In support of its Response, Defendant submits the Declaration of Scott R. Meyer, an attorney representing Defendant. Meyer states under penalty of perjury that on December 27, 2006, he spoke with Grace Castillo, an employee of the Harris County District Clerk's Office, and with Michelle, a clerk for Harris County District Judge Lamar McCorkle. *See* Declaration of Scott Meyer, Exh. E to Response, ¶ 4. Both individuals informed Meyer that there was no Amended Petition in this case on file with the state court. *Id.* Michelle explained to Meyer that "a person could have

---

[1] Based on the Amended Petition, Plaintiff argues that remand is required because (1) there is no diversity of citizenship because Plaintiff and the defendants added in the Amended Petition are all citizens of Texas; (2) the Amended Petition includes a non-suit of the originally named Defendant, JPMorgan Chase Bank, N.A., and therefore that entity is not a "party" to the lawsuit who can properly remove the case to federal court; (3) Defendant did not attach a copy of the Amended Petition and, therefore, did not attach all state court pleadings; and (4) Defendant did not obtain consent to removal by the defendants added in the Amended Petition. *See* Motion to Remand, p. 2.

a document file stamped in the Clerk's main office and simply walk away with that document and not file it with the Court." *Id.* Ms. Castillo provided Meyer a copy of the full "Chronological Case History" for this case in state court. *See* Facsimile Transmittal Sheet, Exh. G to Response. The Chronological Case History reflects that the Original Petition was filed September 25, 2006, that the case was transferred to another Harris County District Court on October 6, 2006, and that the case was removed to federal court on November 10, 1006. *Id.* at 3.

"The propriety of removal is determined by looking to the plaintiff's complaint as it existed in state court at the time of removal." *See Davis v. Dept. of Health and Hospitals*, 195 Fed. Appx. 203, 204 (5th Cir. 2006) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). The Harris County District Court records show that the Amended Petition was not filed in the records of the case in state court and, as a result, it cannot be considered when determining whether removal was proper.

Plaintiff also seeks remand based on Defendant's alleged failure to comply with the notice and service requirements by timely providing copies of the removal documents. Plaintiff submits no evidence to support this allegation. A removing defendant is required to provide adverse parties with prompt notice of removal. 28 U.S.C. § 1446(d). Defendant's Notice of Removal includes a Certificate of Service

indicating their compliance with the notice and service requirements by sending copies to Plaintiff on November 7, 2006, by both certified mail, return receipt requested, and by email. *See* Notice of Removal [Doc. # 1], at 9. The Track and Confirm receipt from the United States Postal Service indicates that delivery of the certified mail copy of the removal documents was attempted on November 10, 2006, and that notice was given that the documents could be picked up at the Post Office. *See* Track and Confirm Receipt, Exh. H to Response. Defendant also submitted as evidence a copy of the November 7, 2006, email to Plaintiff attaching a copy of Defendant's Notice of Removal and its attachments. *See* Email, Exh. I to Response. Plaintiff has not submitted any evidence to contradict the evidence submitted by Defendant. As a result, the uncontroverted evidence establishes that Defendant complied with its obligation to provide to Plaintiff notice of removal and a copy of the removal documents.

The Original Petition, the only pleading on file with the Harris County District Court as of the date of removal, supports removal on the basis of diversity of citizenship. The only evidence in the record establishes that Defendant provided Plaintiff with notice of the removal of this case and the accompanying removal documents. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] and Request for Oral Hearing [Doc. # 9] are **DENIED**.  The case remains scheduled for an initial pretrial conference at **1:30 p.m. on January 26, 2007**.

SIGNED at Houston, Texas, this **5th** day of **January, 2007**.

Nancy F. Atlas
United States District Judge